McKrioraY, ■ Jv
’ delivered the'opinion of the Court.
• The complainants are judgment creditors of'the defendant Bradley; ' and having exhausted their legal remedy, they brought this .bill to reach a fund alleged to be in the hands of the defendant Dinwiddie, supposed to belong to Bradley, .their debtor. The bill was filed on the 24th of February, 1855. It' charges that, about two years before the filing of the bill,' the defendant Bradley entered into a verbal contract with the defendant Dinwiddie for the purchase of twenty acres of land in DeKalb county, at the price of $400; ■ that Bradley had paid to Dinwiddie $200 of the purchase - money, and that the remaining sum of $200 was still unpaid; that Bradley entered into possession after his purchase, and still retained the possession of said land. The assumed 'equity of the bill rests upon the ground that the verbal contract is utterly void, and incapable of confirmation or of execution by the statute of frauds; and being so, that Dinwiddie is bound to refund to Bradley the $200 received; and is, in law, debtor to him in that amount; and therefore the complainants have the right to lay hold of that fund, and have the same applied towards the satisfaction of their judgments. To this *303 end, a writ of attachment was issued, and' likewise an injunction, as prayed for' in the bill, attaching the fund in the hands of Dinwiddie, and enjoining him from ‘paying over the same, or making any 'adjustment- in respect thereof with the defendant Bradley. '
An amended and supplemental bill was afterwards filed by the complainants,-in which it is'alleged that,-after the filing of the original bill,'and while copies thereof and the process of attachment and injunction were in'the hands of the'sheriff, an arrangement was' entered into between the defendants Bradley and Dinwiddie and one Eord — who was likewise a creditor of Bradley’s,' and who' is made- a'defendant to the amended bill — by which Dinwiddie, upon haying secured to him the remaining $200 of the purchase-money, agreed to execute a deed of conveyance for • the land to Bradley, in pursuance of the verbal contract between them; and the latter agreed to' sell 'and convey said land to Eord. And thereupon, Eord assumed and.secured to Dinwiddie the balance of the purchase-money due from Bradley ; and Dinwiddie conveyed- to Bradley ; and Bradley, in consideration of the debt assumed by Eord • to Din-widdie, and his prior indebtedness to' Eord, sold and conveyed the land immediately to the latter.-
The complainants, in the supplemental -bill, charge that this arrangement was in fraud of and with intent to defeat the rights of the complainants; and that - it was entered into with full knowledge on the part of all the defendants of the filing of the original bill, and the issuance of the process of attachment and injunction thereon.
This latter allegation is denied by the defendants in direct and positive terms; and it is not sufficiently proved.
The argument for the complainants assumes that a ver *304 bal contract for tbe sale of land is yoid in tbe sense in wbicb an immoral contract, or a contract against tbe policy of tbe law or tbe prohibition of a statute, is void; that it is incapable of confirmation, and that no right of any sort can grow out of it.
It is said in general terms in very many cases, that a verbal contract for tbe sale of land is void; and this is so far correct, that tbe requirement of tbe statute not having been complied with, tbe contract, so long' as it remains in fieri, cannot be enforced either at law or in equity. Tbe statute declares that no action shall be brought, whereby to charge any person upon any contract for tbe sale of lands, tenements, or hereditaments, unless tbe agreement upon wbicb tbe action is brought, or some memorandum or note thereof, shall be in writing, and signed by tbe party to be charged therewith, etc. Perhaps it would be more correct to say that tbe contract is voidable, rather than absolutely void. For, though neither party, against the will of the other, can enforce its specific execution, or maintain an action to recover damages for its non-performance, yet it must be admitted that the law interposes no obstacle to its completion by the voluntary consent of the parties. In doing so, the parties violate neither the letter nor spirit of the statute, nor do they infringe any principle of policy, or any rule either of law or equity. On the contrary, the doctrine is now well established that, upon a bill for the specific execution of such a contract, if the contract be fully set forth in the bill, and the defendant admits it in his answer, and submits to waive the statute of frauds, or, what is deemed equivalent to a waiver, does not insist upon the statute as a defence, a specific performance of the contract will be *305 decreed. 2 Story’s Eq., sec. 755, et seq. But, though the contract be confessed by the answer, yet if the statute be insisted on by way of defence, the Court will not enforce it. Ibid. And it is equally well settled, that if, upon the faith of such parol contract, the purchase-money in whole or part has been paid, a Court of Equity, upon a bill for a specific execution, to which the statute is set up as a defence, will decree that .the money be refunded with interest; and, as against the vendors, it will be declared a lien on the land agreed to be conveyed; or,, at law, the money may be recovered in an action of in-debitatus assumpsit or debt. And it has been held, and we think correctly, that while the vendor is able, and willing, and ready to perform the parol agreement, the purchaser can maintain no action to recover back the consideration-money paid. Chitty on Contracts, (7 Am. ed.,) 806, note 2.
If these principles be correct, it must necessarily follow that a third person cannot interpose to arrest the execution of the contract, on the ground that the requirement of the statute has not been complied with, where the vendor admits the agreement and is willing to perform it, and the purchaser is alike willing to accept such performance. The parties have the legal right to complete the contract; and having done so, the transaction is as valid and as effectual to vest the title in the purchaser as if the statute had been complied with in the inception of the .contract.
Nor can mere delay in the completion of the contract of itself affect the principle. The question as to the time — all other objections out of the way — is a matter for the parties themselves, with which third persons have no concern.
*306 In the case before ns, the delay — if that were material in any aspect of the ease — is reasonably accounted for by the inability of the purchaser at an earlier period to pay or secure the balance of the purchase - money.
It results, therefore, that the attachment in the present case was wholly inoperative — supposing a proper case to have been made for an attachment — because the money sought to be attached, having been received by Dinwiddie as part of the purchase - money of the land, and the parol agreement not having been repudiated by him, the money was his own and not Bradley’s; and consequently there was nothing for the attachment to operate upon.
The Chancellor having decreed for the complainants, the decree will be reversed and the bill be dismissed.